IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEPE SANDOVAL SALEZ LOPEZ,<br>INDIVIDUALLY, AND ON BEHALF OF ALL<br>OTHER SIMILARLY SITUATED EMPLOYEES<br>1524 Newton Street, N.W.<br>Washington, D.C. 20010<br><br>    Plaintiff<br><br>  v.<br><br>KOLL GROUP CORP. t/a THAI PLACE<br>2134 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br>    SERVE:  Dimitri P. Mallios, Esquire<br>           1828 L Street, N.W., Suite 500<br>           Washington, D.C. 200036<br>           Resident Agent<br><br>    Defendant | *<br>*<br>*<br>*<br>*<br>*  Civil Action No.: _____<br>*<br>*<br>*<br>*<br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff Pepe Sandoval Salez Lopez, individually, and on behalf of all other similarly situated employees, hereby complains against Defendant Koll Group Corp. trading as Thai Place to recover unpaid wages, liquidated damages, reasonable attorney's fees, and costs under § 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"), the District of Columbia Wage and Hour Law, District of Columbia Code Annotated §§ 32-1003 *et seq.* (hereinafter "DCW&HL"), and the District of Columbia Wage Payment and Collection Law, District of Columbia Code Annotated §§ 32-1301 *et seq.* (hereinafter "DCWP&CL"), as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff currently resides in the District of Columbia.

2.       Defendant owns and operates the Thai Place restaurant in the District of Columbia, and/or otherwise conducts business therein.

3.       At all times relevant, Defendant was Plaintiff's and other similarly situated employees' "employer" for purposes of the FLSA.  During the periods of their employment with Defendant, Plaintiff and said other employees were engaged in interstate commerce within the meaning of §§ 3(b) and 7(a) of the FLSA, 29 U.S.C. §§ 203(b) and 207(a).

4.       This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 29 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.       Defendants own, operate, oversee, and/or control the Thai Place Restaurant at 2134 Pennsylvania Avenue, N.W., Washington, D.C.

6.       From approximately January 19, 2004 through March 18, 2005, Plaintiff worked at Defendant's restaurant as a dishwasher and food preparer.

7.       Throughout his employment with Defendant, Plaintiff worked for at least 13 hours per day on Mondays, Tuesdays, Thursdays, and Fridays.  He worked for at least 12.5 hours per day on Saturdays and Sundays.  Thus, Plaintiff worked at least 77 total hours per week, including 37 hours per week of overtime.  Plaintiff never received any pay whatsoever for the overtime hours he worked.

8.       Plaintiff's rate-of-pay increased slightly over the course of his employment.  From mid-January 2004 to mid-July 2004, Plaintiff was paid $715, twice per month, which is

equivalent to $9.11 per hour for a 40-hour workweek. Thereafter, from mid-July 2004 until the conclusion of his employment on March 18, 2005, Plaintiff was paid $800, twice per month,[1] which is equivalent to $10.20 per hour for a 40-hour workweek.

9. Converting these regular hourly rates into time-and-one-half overtime rates and multiplying said rates by the 37 hours of overtime per week worked by Plaintiff, the following amounts are owed to Plaintiff for unpaid overtime wages: $13,150.50 for the first 26 weeks from mid-January 2004 through Mid-July 2004 ($13.67 hourly overtime rate x 37 hours of overtime per week x 26 weeks) and $19,813.50 for the final 35 weeks from mid-July 2004 through March 18, 2005 ($15.30 hourly overtime rate x 37 hours of overtime per week x 35 weeks), for a grand total of $32,964.00.

## CAUSES OF ACTION

### Count I – Overtime Violation of Fair Labor Standards Act

10. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1 through 9 above, as if each were set forth herein verbatim.

11. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

12. Plaintiff and Defendant's other similarly situated employees are "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant is their "employer" under § 207(a)(2). Defendant, as Plaintiff's and the other employees' employer, is obligated to compensate Plaintiff and the others for overtime hours worked at the overtime rate.

---

[1] On one occasion, in August or September of 2004, Plaintiff was again paid $715. However, his rate of pay increased to the usual $800 the following pay period.

13.  Plaintiff and other similarly situated employees are entitled to, and are owed, overtime pay at the rate of one and one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) in a given work week.

14.  As detailed above, overtime pay is currently due and owing to Plaintiff in the amount of approximately $32,964.00.  *See supra* ¶¶ 7-9.

15.  Other similarly situated employees are owed overtime pay as well, in accordance with the number of overtime hours worked by each such employee.

16.  Defendant has failed and refused to compensate Plaintiff and other similarly situated employees properly and as required by law for the overtime hours worked by them.  Said failure and refusal to pay compensation required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Plaintiff prays that he be awarded judgment against Defendant for unpaid overtime wages in the amount of $32,964.00, or such other amount as is proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

**Count II – Violation of the D.C. Wage & Hour Law**

17.  Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1 through 16 above, as if each were set forth herein verbatim.

18.  Plaintiff is an "employee" and Defendant is his "employer" within the meaning of the DCW&HL.  As Plaintiff's employer, Defendant is obligated to compensate him for overtime hours worked at the overtime rate under the DCW&HL, District of Columbia Code § 32-1003.

19.  As detailed above, overtime pay is currently due and owing to Plaintiff in the amount of approximately $32,964.00.  *See supra* ¶¶ 7-9.

20.     Defendant has failed and refused to compensate Plaintiff properly and as required by the DCW&HL for overtime hours worked.  Said failure and refusal to pay compensation required by the DCW&HL was willful and intentional, and not in good faith.

WHEREFORE, Plaintiff prays that he be awarded judgment against Defendant for unpaid overtime wages the amount of $32,964.00, or such other or further amount as is proved at trial, plus an equal or greater amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court or a jury deems appropriate.

### Count III – Violation of the D.C. Wage Payment & Collection Law

21.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1 through 20 above, as if each were set forth herein verbatim.

22.     Plaintiff is an "employee," and Defendant is his "employer" within the meaning of the DCWP&CL, District of Columbia Code §§ 32-1301 *et seq.*  Pursuant to § 32-1301 and § 32-1302, Defendant, as Plaintiff's employer, is obligated to pay Plaintiff all wages due for the work that he performs.

23.     The term "wages" is defined as "monetary compensation after lawful deductions, owed by an employer for labor or service rendered, whether the amount is determined by time, task, piece, commission or other basis of calculation."  § 32-1301(3).

24.     As detailed above, Defendant failed and refused to compensate Plaintiff properly for his work by not paying him overtime wages.  Defendant was required to pay all such compensation owed to Plaintiff "upon discharge."  §§ 32-1301 *et seq*.

25.     Defendant's failure and refusal to pay these wages due to Plaintiff was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

26. Under such circumstances, Plaintiff is entitled to recover, in addition to his wages, an equal amount of compensation due as liquidated damages pursuant to § 32-1303(4), as well as reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that he be awarded judgment against Defendant in the amount of $32,964.00 for wages owed, or such other or further amount as is shown to be due at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court or a jury deems appropriate.

### CONSENT TO BE A PLAINTIFF IN AN FLSA CASE

Plaintiff has consented in writing to being a party in a lawsuit seeking the recovery of unpaid overtime wages and other relief under the Fair Labor Standards Act. *See* Consent, attached hereto as "Exhibit A."

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

    Respectfully submitted,

/s/
Neil R. Lebowitz, Bar No.: 483746
Law Office of Neil R. Lebowitz, LLC
10320 Little Patuxent Pkwy., Suite 1200
Columbia, Maryland 21044
800-730-8411
Counsel for Plaintiff

## **CONSENT TO PARTICIPATING IN AN FLSA CASE**

I, Pepe Sandoval Salez Lopez, do hereby consent to being a party in a lawsuit seeking the recovery of overtime wages and other damages under the Fair Labor Standards Act.

(SIGNED VERSION ATTACHED TO HARD COPY OF COMPLAINT FILED WITH COURT)

_____                    _____
Date                                      Pepe Sandoval Salez Lopez

**EXHIBIT A**